# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>    Defendant. | No. CR08-4069-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON MOTION TO DISMISS** |

_____

This matter is before the court on a Motion to Dismiss, Doc. No. 6, filed by the defendant Thomas Huntley. The pertinent facts underlying Huntley's motion are as follows.

On December 14, 2006, the grand jury returned a four-count Indictment against Huntley in Case No. CR06-4112-MWB (the "Prior Case"). Count 1 charged Huntley with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Count 4 charged him with possession of different firearms after the same domestic violence conviction.

At issue in the present case are Counts 2 and 3 of the Indictment in the Prior Case, which charged Huntley as follows:

### Count 2

> On or about January 27, 2006, in the Northern District of Iowa and elsewhere, the defendant, THOMAS HUNTLEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

> **Count 3**
>
> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowing[ly] used a firearm, that is, a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 2 of this Indictment.
>
> This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1, Case No. CR06-4112-MWB.

Huntley entered guilty pleas to Counts 1 and 4, and went to trial on Counts 2 and 3. The jury convicted Huntley on both counts. Huntley appealed, and the Eighth Circuit Court of Appeals held that an intervening decision by the United States Supreme Court in *Watson v. United States*, ___ U.S. ___, 128 S. Ct. 579, 169 L. Ed. 2d 472 (2007), rendered one of the jury instructions in Huntley's case erroneous. The Eighth Circuit reversed Huntley's "conviction and sentence on Count 3, Possession of a Firearm During the Commission of a Drug Trafficking Crime," and remanded the case for further proceedings. *United States v. Huntley*, 523 F.3d 874 (8th Cir. 2008).

On remand, on August 25, 2008, the plaintiff (the "Government") dismissed Count 3, and Huntley was resentenced on the remaining counts. *See* Doc. No. 146 in Case No. CR06-4112-MWB, Amended Judgment in a Criminal Case.

On August 26, 2008, the grand jury re-indicted Huntley for the same conduct included in Count 3 in the Prior Case. The single-count Indictment in the present case charges Huntley as follows:

> **Count 1**
>
> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States

> as charged in a 2007 conviction in the United States District Court for the Northern District of Iowa, in Case No. 06-4112-MWB, for distribution of a controlled substance (methamphetamine). The firearm was a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867.
>
> This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1.

In the current motion, Huntley argues the new Indictment violates his fifth amendment right against double jeopardy. He argues the current "possession" charge is a lesser-included offense of the previous "use" charge, and double jeopardy attached "upon completed trial of the greater charge." Doc. No. 7, p. 3. He asserts that because the Government obtained a conviction against him for use of a firearm in furtherance of a drug trafficking crime, a subsequent prosecution for possession of a firearm in furtherance of a drug trafficking crime "violates his rights to be protected from double jeopardy by prosecuting him again." *Id*.

Huntley is mistaken. The United States Supreme Court has held, "The general rule is that the [Double Jeopardy] Clause does not bar reprosecution of a defendant whose conviction is overturned on appeal." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308, 104 S. Ct. 1805, 1813, 80 L. Ed. 2d 311 (1984) (citing *United States v. Ball*, 163 U.S. 662, 671, 16 S. Ct. 1192, 1195, 41 L. Ed. 300 (1896)); *accord United States v. Rea*, 300 F.3d 952, 956 (8th Cir. 2002) (citing *Lydon*). "The constitutional prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside because of trial error in the proceedings leading to conviction." *United States v. Honken*, 271 F. Supp. 2d 1097, 1106 n.2 (N.D. Iowa 2003) (citing *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988); *Ball, supra*).

The Supreme Court explained that although "technically []the defendant[] is 'tried again,' the second stage proceeding can be regarded as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings during which, sooner or later, a defendant receives more – rather than less – of the process normally extended to criminal defendants in this nation." *Lydon*, 466 U.S. at 309, 104 S. Ct. at 1814 (internal quotation marks, citation omitted). Thus, the reprosecution of an offense that is overturned for a trial error, rather than for insufficiency of the evidence, represents "continuing jeopardy," because unlike an acquittal, which terminate the initial jeopardy, a conviction, later overturned, does not terminate the jeopardy that attached when trial of the previous case began. *Lydon*, 466 U.S. at 308-09, 104 S. Ct. at 1813-14. As the Eighth Circuit Court of Appeals has explained:

> Because the Fifth Amendment protects defendants from a second or double jeopardy only after the initial jeopardy has attached and terminated, *Satter v. Leapley*, 977 F.2d 1259, 1263 (8th Cir. 1992), it is implicit in the rule permitting retrial after a reversal of a conviction for trial error that jeopardy has never been terminated but instead continues. *Justice of Boston*, 466 U.S. at 308, 104 S. Ct. 1805[, 1813, 80 L. Ed. 2d 311 (1984)]. The "continuing jeopardy" principle applies where the "criminal proceedings against an accused have not run their full course." *Price v. Georgia*, 398 U.S. 323, 326, 90 S. Ct. 1757, [1759,] 26 L. Ed. 2d 300 (1970). The rule permitting further proceedings after reversal of a conviction advances the "sound administration of justice." *United States v. Tateo*, 377 U.S. 463, 466, 84 S. Ct. 1587, [1589,] 12 L. Ed. 2d 448 (1964). Such a rule balances society's interest in punishing the criminal and the criminal's interest in receiving fair process. *See Id.* (stating that it is "doubtful that appellate courts would be as zealous" in correcting error "if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution").

*Rea*, 300 F.3d at 956.

For the above reasons, IT IS RESPECTFULLY RECOMMENDED that Huntley's motion to dismiss be **denied**. Objections to this Report and Recommendation must be filed **by September 9, 2008**. Responses to objections may be filed **by September 12, 2008**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of September, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT