**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>    Defendant. | No. CR08-4069-MWB<br><br>**REPORT AND RECOMMENDATION ON SUPPLEMENTAL MOTION TO DISMISS** |

      This matter is before the court on a Supplemental Motion to Dismiss Indictment, Doc. No. 15, filed by the defendant Thomas Huntley.[1] The following background facts are relevant to consideration of Huntley's motion.

      On December 14, 2006, the grand jury returned a four-count Indictment against Huntley in Case No. CR06-4112-MWB. Count 1 charged Huntley with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Count 4 charged him with possession of different firearms after the same domestic violence conviction. Huntley entered guilty pleas to Counts 1 and 4, and went to trial on Counts 2 and 3, which charged as follows:

### Count 2

> On or about January 27, 2006, in the Northern District of Iowa and elsewhere, the defendant, THOMAS HUNTLEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

---

[1] Huntley filed a previous Motion to Dismiss, Doc. No. 6, in which he argued the Indictment in this case violates his fifth amendment right against double jeopardy. On September 2, 2008, the undersigned filed a Report and Recommendation, recommending the first motion be denied. Doc. No. 8. Huntley filed objections to the Report and Recommendation, Doc. No. 12, which are pending before the district court. The present motion seeks dismissal on grounds completely unrelated to the first motion.

**Count 3**

> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowing[ly] used a firearm, that is, a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 2 of this Indictment.
>
> This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1, Case No. CR06-4112-MWB.

The jury convicted Huntley on both counts. Huntley appealed, and the Eighth Circuit Court of Appeals held that an intervening decision by the United States Supreme Court in *Watson v. United States*, ___ U.S. ___, 128 S. Ct. 579, 169 L. Ed. 2d 472 (2007), rendered one of the jury instructions in Huntley's case erroneous. Specifically, the Court held that "a person does not 'use' a firearm under [18 U.S.C.] § 924(c)(1)(A) when he receives it in trade for drugs." *Watson*, 128 S. Ct. at 586. In light of *Watson*, the Eighth Circuit reversed Huntley's "conviction and sentence on Count 3, Possession of a Firearm During the Commission of a Drug Trafficking Crime," and remanded the case for further proceedings. *United States v. Huntley*, 523 F.3d 874 (8th Cir. 2008).[2]

On remand, on August 25, 2008, the plaintiff (the "Government") dismissed Count 3, and Huntley was resentenced on the remaining counts. *See* Doc. No. 146 in Case No. CR06-4112-MWB, Amended Judgment in a Criminal Case.

On August 26, 2008, the grand jury re-indicted Huntley in the present case in a single-count Indictment that charges Huntley as follows:

---

[2]The *Huntley* court reversed Huntley's conviction and sentence on what it termed as "Count 3, <u>Possession</u> of a Firearm During the Commission of a Drug Trafficking Crime," *Huntley*, 523 F.3d at 875 (emphasis added), when Huntley actually was convicted of *using* a firearm during the commission of a drug trafficking offense. However, it appears the erroneous use of the term "possession" rather than "use" of a firearm was not intended by the appellate court to have substantive or precedential effect.

### Count 1

On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States as charged in a 2007 conviction in the United States District Court for the Northern District of Iowa, in Case No. 06-4112-MWB, for distribution of a controlled substance (methamphetamine). The firearm was a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867.

This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1.

Significantly, for purposes of the present motion, Count 1 charges that Huntley "possessed" a firearm, not that he "used" a firearm during a drug transaction as was charged in the prior case. In the present motion, Huntley argues the reasoning of *Watson* should lead to the conclusion that one who receives a firearm in trade for drugs does not possess that firearm in furtherance of the drug transaction. Huntley argues that during oral arguments in *Watson*, "[a]t least three Justices suggested . . . that the recipient of the firearm does not possess the firearm (or other object received) until the transaction is done." Doc. No. 15-2, p. 4.

To convict Huntley of the crime of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), "the Government must prove that '(1) he committed a drug trafficking crime, and (2) he possessed a firearm in furtherance of that crime.'" *United States v. Garcia-Hernandez*, 530 F.3d 657, 662 (8th Cir. 2008) (quoting *United States v. Rolon-Ramos*, 502 F.3d 750, 757 (8th Cir. 2007)). Assuming for

purposes of Huntley's motion that he did, in fact, exchange drugs for a firearm,[3] the first element is met; he committed a drug trafficking crime.

The second element has two distinct parts - possession of a firearm, and that the possession was "in furtherance of" the drug trafficking crime. Again assuming Huntley exchanged drugs for the firearm, he clearly possessed the firearm – but when did he secure possession of the firearm? Did he hand over the drugs first and then receive the firearm in exchange, or did he require the purchaser to hand over the firearm before he, in turn, handed over the drugs? Perhaps, as Justice Scalia commented during the *Watson* arguments, "the crime has been completed by the time . . . the person who is receiving the gun has possession of it." *See* http://www.supremecourtus.gov/oral_arguments/argument_transcripts/06-571.pdf at page 30, lines 3-5. Justice Souter commented, "I mean, if I buy a car, and pay money for it, I do not use the car in the transaction. It's what I have after the transaction is complete." *Id.*, p. 27, lines 7-9. On the other hand, it arguably does not matter at what point during the transaction Huntley obtained possession of the firearm, given that the possession -in-furtherance-of language in section 924(c)(1) does not require "active employment of the firearm in relation to the predicate offense." *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000); *accord United States v. Aragon-Hernandez*, 280 Fed. Appx. 567 (8th Cir. June 12, 2008).

Even though several Justices commented on this issue during oral argument in *Watson*, the Court expressly declined to reach the issue of whether one who receives a firearm in trade for drugs also possesses the firearm "in furtherance of" a drug transaction. The Court observed:

---

[3]Technically, in seeking dismissal of the Indictment because the facts do not support the charge, Huntley puts the cart before the horse. The Indictment itself contains only the allegation that Huntley possessed a firearm in furtherance of a drug trafficking offense; it does not include any underlying facts upon which the court could conclude the charge is, or is not, sufficient. However, given the evidence introduced at Huntley's first trial, it is clear the court inevitably will have to address the issue raised by Huntley.

4

> The Government is confident that "a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution" under [section 924(c)(1)(A), the] possession prong. . . . This view may or may not prevail, and we do not speak to it today[.]"

*Watson*, 128 S. Ct. at 585-86.

Since *Watson* was decided on December 10, 2007, numerous appellate courts, including the Eighth Circuit Court of Appeals, have applied *Watson* to possession-in-furtherance-of cases. However, the undersigned was unable to locate an Eighth Circuit case with substantially similar facts, where a defendant who received a firearm in exchange for drugs was charged with possession-in-furtherance-of a drug trafficking crime.[4]

It is clear that merely the simultaneous possession of drugs and a firearm, without more, will not support a conviction under section 924(c). *United States v. Rolon-Ramos*, 502 F.3d 750, 758 (8th Cir. 2007) (citing *United States v. Hamilton*, 332 F.3d 1144, 1150 (8th Cir. 2003)); *United States v. Combs*, 218 Fed. Appx. 483, 485 (6th Cir. 2007) (citing *United States v. Layne*, 192 F.3d 556, 571 (6th Cir. 1999)). "'Instead, the jury must be able to infer that the defendant's possession of the firearm facilitated the drug crime, through evidence that the firearm was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions.'" *Rolon Ramos*, 50 F.3d at 758 (quoting *United States v. Sanchez-Garcia*, 461 F.3d 939, 946-47 (8th Cir. 2006)). "[T]he firearm must have some purpose or effect with respect to the drug trafficking

---

[4]However, *cf. United States v. Washington*, 528 F.3d 573 (8th Cir. 2008), in which the court reviewed a sentence enhancement for possession of a firearm "in connection with another felony offense," under U.S.S.G. § 2K2.1(b)(6). The defendant agreed to trade drugs for a firearm. He selected the firearm and offered the drugs, but he was arrested before he ever touched the gun. The court found the defendant "constructively possessed the firearm by knowing of it and having the intent and ability to exercise control over it." *Id.* at 573 (citing *United States v. Robertson*, 519 F.3d 452, 455 (8th Cir. 2008)). The court further held the defendant's constructive possession of the firearm was "in connection with" another felony offense because, for purposes of the sentencing guidelines, "the firearm need only have 'the potential of facilitating' the drug trade (a real potential in light of the various other drugs [the defendant] brought to the scene." *Id.* (citing *United States v. Moore*, 212 F.3d 441, 447 (8th Cir. 2000)). *See also United States v. Wint*, 261 Fed. Appx. 340, 342 (2d Cir. 2008) ("bartering of drugs for guns involved the 'possession' of a firearm within section 2K2.1(b)(5)).

crime; its presence or involvement cannot be the result of accident or coincidence. . . . The weapon must at least facilitate or have the potential of facilitating the drug trafficking offense." *Combs*, 218 Fed. Appx. at 485 (quoting *Smith v. United States*, 508 U.S. 223, 238, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993) (internal quotation marks, some citations omitted).

In reviewing the elements of the possession-in-furtherance-of offense under section 924(c), the Ninth Circuit Court of Appeals has concluded the "in furtherance of" element of section 924(c) "turns on the intent of the defendant." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004) (citing *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001)). If the defendant possessed the firearm to help forward, advance, or promote a drug trafficking crime, then he possessed the firearm to "further" the crime. *Id.* (quoting, *inter alia*, the dictionary definition of "to further"). *See Rolon Ramos*, 502 F.3d at 758 ("The term 'furtherance' as used in § 924(c) should be given its plain meaning, '[t]he act of furthering, advancing, or helping forward.'") (citations omitted).

The law is well settled in the Eighth Circuit that when a firearm is possessed for the purpose of protecting a drug dealer, his drugs, or his money, the firearm is possessed in furtherance of a drug trafficking crime. In *United States v. Saddler*, 538 F.3d 879 (8th Cir. 2008), a case involving a drug distribution conspiracy, the court held the defendant possessed a firearm in furtherance of a drug trafficking crime where loaded firearms were kept in a location that was "quickly accessible and in close proximity to" drugs and significant sums of currency, and a witness testified he had seen the defendant going armed at a location where the defendant sold drugs. The court found there was a sufficient nexus between the defendant's possession of firearms and the drug trafficking crime for the jury to "reasonably infer that [the defendant] possessed the firearms to protect, and thereby further, the drug distribution operation." *Saddler*, 538 F.3d at 888-89 (citation omitted). Among other precedents, the *Saddler* court relied on *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006), in which the court held the jury must find a nexus between the

defendant's possession of a firearm and a drug offense to convict him of possessing a firearm in furtherance of a drug trafficking crime, and *United States v. Williams*, 512 F.3d 1040, 1044 (8th Cir. 2008), where the court observed, "[W]e have repeatedly held that a jury may find the requisite nexus when a firearm is discovered in close proximity with drugs so as to support an inference that the firearm is for the protection of the drugs." *Saddler*, 538 F.3d at 888. *See United States v. Kent*, 531 F.3d 642, 652 (8th Cir. 2008) (to obtain conviction for possession of firearm in furtherance of drug trafficking crime, "government must prove a nexus between the possession of the firearm and the underlying drug crime" -- a connection that may be inferred by the jury when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking") (citing *United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008)); *United States v. Lindsey*, 507 F.3d 1146 (8th Cir. 2007) (firearm found beneath car seat where defendant was sitting while he was holding bags of crack cocaine was possessed in furtherance of drug trafficking crime). *See also United States v. Johnson*, slip op., 2008 WL 4191278 at *1 (8th Cir. Sept. 15, 2008) (Defendant possessed firearm in furtherance of drug trafficking where he had loaded firearms readily accessible in his residence and in the trailer where he divided drugs) (citing *United States v. Hilliard*, 490 F.3d 635, 640 (8th Cir. 2007); *United States v. Spencer*, 439 F.3d 905, 914-15 (8th Cir. 2006)).

  Similarly, "possession of a firearm furthers a drug distribution conspiracy crime when [the possessor] uses it to frighten another person into paying a debt owed for a previous drug transaction," *Garcia-Hernandez*, 530 F.3d at 663 (citing *United States v. Rolon-Ramos*, 502 F.3d 750, 758 (8th Cir. 2007)), or to protect his territory from would-be interlopers. *United States v. Jenkins*, 505 F.3d 812, 817 (8th Cir. 2007). *See United States v. Urkevich*, 408 F.3d 1031, 1037 (8th Cir. 2005) (firearms kept in close proximity to drugs to "protect the fort" of drug trafficker were possessed in furtherance of drug trafficking offense).

Since *Watson*, other courts have had the opportunity to consider whether one who receives a firearm in exchange for drugs possesses the firearm in furtherance of a drug trafficking crime. In every case, the court has held that exchanging firearms for drugs satisfies the "in furtherance of" requirement. *See, e.g., United States v. Austin*, slip op., 2008 WL 2445413 (D. Idaho, June 16, 2008) (denying motion to dismiss similar to Huntley's motion in this case, observing, "It is difficult to see how the act of possessing a firearm could more clearly 'advance or promote' a drug transaction than when it is received in payment for the drugs.") (relying on *United States v. Luke-Sanchez, infra*); *United States v. Luke-Sanchez*, 483 F.3d 703, (10th Cir. 2007) (where defendant accepted guns as payment for drugs, court found sufficient nexus, as a matter of law, to convict defendant under the "in furtherance of" prong of section 924(c), observing that "[b]ut for the pistols, the crime of drug trafficking would not have occurred. . . . In this sense, "the pistols were akin to any other form of currency used to pay for illegal drugs, all of which further and promote drug trafficking by sustaining the drug market"); *United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) ("[A]cquisition of a firearm in exchange for drugs is a sufficient 'specific nexus' between the drugs and the guns to constitute possession 'in furtherance of' the drug sale."); *United States v. Cox*, 324 F.3d 77, 84 n.2 (2d Cir. 2003) (suggesting that "trading drugs for a gun will probably result in [] possession" for purposes of section 924(c)). *See also United States v. Woods*, 271 F3d. Appx. 338, 346 (4th Cir. 2008) (in context of review of jury instructions, holding, without analysis, that defendant who received firearms in trade for drugs possessed the firearm "in furtherance of his drug business"); *Epps v. O'Brien*, 2008 WL 1924267 (W.D. Va., Apr. 30, 2008) (relying on *Woods* in observing that habeas petitioner who obtained firearms in exchange for drugs possessed the firearms in furtherance of his drug business); *Short v. Shultz*, slip op., 2008 WL 1984262 at *5 & n.3 (W.D. Va., May 6, 2008) (holding that although defendant "did not carry the firearms, if at all, until after the drug transactions were completed and not in the course of them," he nevertheless "obtained the firearms in

8

the course of his drug trafficking activities and in doing so, furthered his drug business by providing the valuable consideration for his drugs"); *United States v. Robinson*, 2008 WL 4132230 (D.S.C., Aug. 21, 2008) (also relying on *Woods* in holding defendant who received firearms in exchange for guns possessed the firearms in furtherance of a drug trafficking crime).

However, the Eighth Circuit seems to require more than simply receiving a firearm in trade for drugs to satisfy the "in furtherance of" requirement of section 924(c). In *United States v. Sanchez-Garcia*, 461 F.3d 939 (8th Cir. 2006), the court explained what is required to sustain a conviction for possession of a firearm in furtherance of a drug crime:

> To secure a conviction under § 924(c)(1)(A), the government must present evidence from which a reasonable juror could find a "nexus" between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of "furthering, advancing or helping forward" the drug crime. *United States v. Hamilton*, 332 F.3d 1144, 1149-50 (8th Cir. 2003). Accordingly, evidence that the defendant simultaneously possessed drugs and a firearm, standing alone, would not warrant submitting the charge to the jury. *United States v. Spencer*, 439 F.3d 905, 914 (8th Cir. 2006) (quoting *Hamilton*, 332 F.3d at 1150). Instead, the jury must be able to infer that the defendant's possession of the firearm facilitated the drug crime, through evidence that the firearm was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions. *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006); *Spencer*, 439 F.3d at 914-15.

*Sanchez-Garcia*, 461 F.3d at 946-47; *accord Rolon-Ramos*, 502 F.3d at 923 (quoting *Sanchez-Garcia* with approval).

In the present case, it appears Huntley did nothing more than receive a firearm in trade for drugs. He did not use the firearm for protection, keep it near his drugs, or maintain it in close proximity to himself during drug transactions. However, as noted previously, this conclusion is only based on speculation as to the evidence the Government

will offer at trial. Assuming the evidence is consistent with that admitted in Huntley's first trial, then it would appear that pursuant to Eighth Circuit jurisprudence, the evidence on the charged offense would be insufficient to submit the case to the jury. Nevertheless, at this stage of the proceedings, Huntley's motion to dismiss is tantamount to a motion for summary judgment – a motion that is not recognized in criminal cases. "The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal. . . . [The court] simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). As a result, the undersigned therefore recommends Huntley's Supplemental Motion to Dismiss be **denied**.

Objections to this Report and Recommendation must be filed by **October 24, 2008**. Responses to objections must be filed by **October 29, 2008**.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT