**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>   Defendant. | No. CR08-4069-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *B. Objections To Legal Conclusions* . . . . . . . . . . . . . . . . . . . . . . . . 10
      *1.   Double Jeopardy* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      *2.   Collateral Estoppel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On August 26, 2008, an indictment was returned against defendant Thomas Huntley charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant Huntley has filed a Motion To Dismiss (#6) in which he asserts that the indictment should be dismissed because it violates his Fifth Amendment right against double jeopardy. Defendant Huntley contends that the current charge of possession of a firearm in furtherance of a drug trafficking crime is a lesser included offense of a previous charge of using a firearm during and in relation to a drug trafficking crime, and that his prior conviction on the charge of using a firearm during and in relation to a drug trafficking crime bars this prosecution. Defendant Huntley's Motion To Dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss filed a Report and Recommendation in which he recommended that defendant Huntley's Motion To Dismiss be denied. Judge Zoss concluded that the Double Jeopardy Clause did not bar defendant Huntley's prosecution on the charged offense because his prior conviction has been overturned on appeal. Defendant Huntley filed objections to Judge Zoss's Report and Recommendation. The prosecution has not filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Motion To Dismiss.[1]

---

[1] The court notes that after Judge Zoss's Report and Recommendation was filed that defendant Huntley filed a Supplemental Motion To Dismiss on grounds completely unrelated to his Motion To Dismiss. Defendant Huntley's Supplemental Motion to Dismiss, which is the subject of another report and recommendation, will be dealt with in a separate order.

*B. Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> On December 14, 2006, the grand jury returned a four-count Indictment against Huntley in Case No. CR06-4112-MWB (the "Prior Case"). Count 1 charged Huntley with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Count 4 charged him with possession of different firearms after the same domestic violence conviction.
>
> At issue in the present case are Counts 2 and 3 of the Indictment in the Prior Case, which charged Huntley as follows:
>
> **Count 2**
>
> On or about January 27, 2006, in the Northern District of Iowa and elsewhere, the defendant, THOMAS HUNTLEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).
>
> **Count 3**
>
> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowing[ly] used a firearm, that is, a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 2 of this Indictment.

This was in violation of Title 18, United
States Code, Section 924(c)(1).

Doc. No. 1, Case No. CR06-4112-MWB.

Huntley entered guilty pleas to Counts 1 and 4, and went to trial on Counts 2 and 3. The jury convicted Huntley on both counts. Huntley appealed, and the Eighth Circuit Court of Appeals held that an intervening decision by the United States Supreme Court in *Watson v. United States*, ___ U.S. ___, 128 S. Ct. 579, 169 L. Ed. 2d 472 (2007), rendered one of the jury instructions in Huntley's case erroneous. The Eighth Circuit reversed Huntley's "conviction and sentence on Count 3, Possession of a Firearm During the Commission of a Drug Trafficking Crime," and remanded the case for further proceedings. *United States v. Huntley*, 523 F.3d 874 (8th Cir. 2008).

On remand, on August 25, 2008, the plaintiff (the "Government") dismissed Count 3, and Huntley was resentenced on the remaining counts. *See* Doc. No. 146 in Case No. CR06-4112-MWB, Amended Judgment in a Criminal Case.

On August 26, 2008, the grand jury re-indicted Huntley for the same conduct included in Count 3 in the Prior Case. The single-count Indictment in the present case charges Huntley as follows:

### Count 1

On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States as charged in a 2007 conviction in the United States District Court for the Northern District of Iowa, in Case No. 06-4112-MWB, for distribution of a controlled substance (methamphetamine). The firearm was a Ruger .22 caliber semi-automatic

pistol, unknown model number, serial number 127867.

This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1.

Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any

issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit

Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review,

7

and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels

8

a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[2]

---

[2] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this
(continued...)

As noted above, defendant Huntley has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Motion to Dismiss.

### B. Objections To Legal Conclusions

#### 1. Double Jeopardy

Defendant Huntley objects to Judge Zoss's conclusion that the prosecution of defendant Huntley in this case following the reversal of his prior conviction is not barred by the Double Jeopardy Clause. Defendant Huntley asserts that the prosecution is precluded from prosecuting him again under a different subsection of the same statute he was previously prosecuted under because to do so would violate the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The United States Supreme Court has observed that three separate guarantees are embodied in the Double Jeopardy Clause: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306-07 (1984) (citing *Illinois v. Vitale*, 447 U.S. 410, 415 (1980)). The issue before the court here concerns only the second prong of the Double Jeopardy Clause's reach; since defendant Huntley contends that here he is being prosecuted

---

²(…continued)
one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

10

again after a prior conviction at an earlier trial.

Although the Double Jeopardy Clause bars successive prosecutions, it "is not an absolute bar to successive trials." *Lydon*, 466 U.S. at 308; *accord United States v. Rea*, 300 F.3d 952, 956 (8th Cir. 2002) (quoting *Lydon*, 466 U.S. at 308). The Double Jeopardy Clause does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside because of trial error in the proceedings leading to conviction. *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *Rea*, 300 F.3d 952, 956 (8th Cir. 2002). As the United States Supreme Court has explained*:*

> While different theories have been advanced to support the permissibility of retrial, of greater importance than the conceptual abstractions employed to explain the Ball principle are the implications of that principle for the sound administration of justice. Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution.

*United States v. Tateo*, 377 U.S. 463, 466 (1964). In following *Tateo*, the Eighth Circuit Court of Appeals has explained:

> Because the Fifth Amendment protects defendants from a second or double jeopardy only after the initial jeopardy has attached and terminated, *Satter v. Leapley*, 977 F.2d 1259, 1263 (8th Cir. 1992), it is implicit in the rule permitting retrial after a reversal of a conviction for trial error that jeopardy has

11

> never been terminated but instead continues, *Justices of Boston*, 466 U.S. at 308, 104 S. Ct. 1805. The "continuing jeopardy" principle applies where the "criminal proceedings against an accused have not run their full course." *Price v. Georgia*, 398 U.S. 323, 326, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970). The rule permitting further proceedings after reversal of a conviction advances the "sound administration of justice." *United States v. Tateo*, 377 U.S. 463, 466, 84 S. Ct. 1587, 12 L. Ed. 2d 448 (1964). Such a rule balances society's interest in punishing the criminal and the criminal's interest in receiving fair process. *See Id.* (stating that it is "doubtful that appellate courts would be as zealous" in correcting error "if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution").

*Rea*, 300 F.3d at 956.

Thus, at the point the Eighth Circuit Court of Appeals remanded *United States v. Huntley*, 523 F.3d 874 (8th Cir. 2008) to this court for further proceedings, the Double Jeopardy Clause would not bar another trial of defendant *Huntley,* in Case No. CR06-4112-MWB, on the charge of using a firearm during and in relation to a drug trafficking crime. The prosecution, however, opted to dismiss that count of the indictment. Therefore, the court must determine whether the Double Jeopardy Clause bars reindictment when an appellate court reverse's a defendant's conviction due to a change in the controlling case law.

Because Huntley was not prosecuted on a possession in furtherance charge in his 2006 case, the situation presented here is analogous to that presented in *United States v. Davis,* 873 F.2d 900 (6th Cir.), *cert. denied,* 493 U.S. 923 (1989). In *Davis,* the defendant was charged with mail fraud in a 1986 indictment based on an intangible rights theory. *Id.* at 901. Following a jury in which the defendant was found guilty, his conviction was reversed after the United States Supreme Court disavowed the intangible rights theory in

*McNally v. United States,* 483 U.S. 350, 360 (1987). The defendant was then reindicted for the same crimes on a deprivation of property theory, and the district court denied a motion to dismiss in which the defendant sought dismissal of the charges on double jeopardy grounds. *Davis*, 873 F.2d at 901. The Sixth Circuit Court of Appeals affirmed this ruling on appeal, holding that the general prohibition against successive prosecutions does not prevent the prosecution from proceeding anew against a defendant who has succeeded in getting his first conviction set aside as the result of a defective legal theory. The Eighth Circuit Court of Appeals, as well as several other federal courts of appeals, have likewise permitted retrial after conviction reversals that were based on legally deficient theories. *See Parker v. Norris*, 64 F.3d 1178, 1180-82 (8th Cir. 1995) (upholding retrial under premeditated murder provision after government first charged and convicted defendant under felony murder provision), *cert. denied*, 516 U.S. 1095 (1996); *United States v. Todd*, 964 F.2d 925, 929-930 (9th Cir. 1992) (allowing retrial on related offense of sexual contact where government first charged and convicted defendant under sexual intercourse statute that was inapplicable to defendant's acts); *United States v. Miller*, 952 F.2d 866, 870-74 (5th Cir.) (allowing retrial on permissible theory of mail fraud after defendant's conviction for mail fraud on an intangible rights theory was overturned), *cert. denied*, 505 U.S. 1220 (1992). Thus, the court concludes that the Double Jeopardy Clause does not bar defendant Huntley's prosecution in this case because his prior conviction for using a firearm during and in relation to a drug trafficking crime was overturned on appeal. Accordingly, defendant Huntley's objection to Judge Zoss's Report and Recommendation is overruled.

### 2. *Collateral Estoppel*

Defendant Huntley also asserts that his current indictment should be dismissed on the grounds of collateral estoppel. The Eighth Circuit Court of Appeals has observed that:

13

> The Supreme Court has incorporated the doctrine of issue preclusion, or collateral estoppel, into the Fifth Amendment's guarantee against double jeopardy. *United States v. Mitchell,* 476 F.3d 539, 544 (8th Cir. 2007) (citing *Ashe v. Swenson,* 397 U.S. 436, 442-43, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970)). Unlike traditional double jeopardy principles, which only bar successive prosecutions for the same offense, collateral estoppel can bar a later trial for a *different* offense, "if one of the facts *necessarily determined* in the former trial is an essential element of the subsequent prosecution." *United States v. Yeager,* 521 F.3d 367, 371 (5th Cir. 2008) (emphasis in original) (quotation omitted), *petition for cert. filed,* 77 U.S.L.W. 3052 (U.S. July 8, 2008) (No. 08-40). This is because the doctrine of collateral estoppel dictates that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S. Ct. 1189.

*United States v. Howe*, 538 F.3d 820, 828 (8th Cir. 2008) (emphasis original).

The flaw in defendant Huntley's collateral estoppel objection is that a defendant may not invoke collateral estoppel unless the facts sought to be foreclosed were determined in his favor in the prior trial. *See United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003), quoting *Price v. A.L Lockhart*, 971 F.2d 118, 123 (8th Cir. 1992); see also *United States v. Console,* 13 F.3d 641, 664 (3rd Cir. 1993); *United States v. Uselton*, 927 F.2d 905, 907 (6th Cir. 1991); *United States v. Benton,* 852 F.2d 1456, 1466 (6th Cir.), *cert. denied,* 488 U.S. 993 (1988); *Humphrey v. United States,* 888 F.2d 1546, 1548-49 (11th Cir. 1989); *United States v. Gentile,* 816 F.2d 1157, 1162 (7th Cir. 1987); *United States v. Irvin,* 787 F.2d 1506, 1515 (11th Cir. 1986). Here, defendant Huntley has not directed the court to any "ultimate fact" determined *against* the prosecution in his prior case. Accordingly, this objection to Judge Zoss's Report and Recommendation is also overruled.

### *III. CONCLUSION*

Therefore, for the reasons discussed above, the court **accepts** Judge Zoss's Report and Recommendation and **denies** defendant Huntley's motion to dismiss.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA