**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>　　　　Defendant. | No. CR08-4069-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS INDICTMENT** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
　　*A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
　　*B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
　　*A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
　　*B. Objection To Legal Conclusions* . . . . . . . . . . . . . . . . . . . . . . . . . 10

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*I. INTRODUCTION AND BACKGROUND*

*A. Procedural Background*

　　On August 26, 2008, an indictment was returned against defendant Thomas Huntley

charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant Huntley has filed a Supplemental Motion To Dismiss (Dkt. No. 15) in which, relying on the United States Supreme Court's decision in *Watson v. United States*, 128 S. Ct. 579, 585-86 (2007), holding that a person who receives guns in exchange for drugs does not "use" a firearm "during and in relation to a drug trafficking crime," he asserts that the firearm, which the prosecution alleges he received in exchange for drugs, was not possessed "in furtherance" of the alleged drug trafficking offense and, therefore, cannot form a sufficient legal basis for a conviction for possession of a firearm in furtherance of a drug trafficking crime. Defendant Huntley's Supplemental Motion To Dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss filed a Report and Recommendation in which he recommended that defendant Huntley's Supplemental Motion To Dismiss be denied because it is unclear at this point what evidence may be introduced at trial and that the court cannot determine the motion to dismiss the indictment on the basis of predictions as to what the trial evidence will be. Defendant Huntley has filed an objection to Judge Zoss's Report and Recommendation. The prosecution has not filed objections to Judge Zoss's Report and Recommendation but has filed a response to defendant Huntley's objection. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Supplemental Motion To Dismiss.[1]

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

---

[1]The court notes Huntley's original Motion to Dismiss, on grounds completely unrelated to his Supplemental Motion To Dismiss, was previously denied.

2

On December 14, 2006, the grand jury returned a four-count Indictment against Huntley in Case No. CR06-4112-MWB. Count 1 charged Huntley with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Count 4 charged him with possession of different firearms after the same domestic violence conviction. Huntley entered guilty pleas to Counts 1 and 4, and went to trial on Counts 2 and 3, which charged as follows:

> **Count 2**
>
> On or about January 27, 2006, in the Northern District of Iowa and elsewhere, the defendant, THOMAS HUNTLEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).
>
> **Count 3**
>
> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowing[ly] used a firearm, that is, a Ruger .22 caliber semi-automatic pistol, unknown model number, serial number 127867, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 2 of this Indictment.
>
> This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1, Case No. CR06-4112-MWB.

The jury convicted Huntley on both counts. Huntley appealed, and the Eighth Circuit Court of Appeals held that an intervening decision by the United States Supreme Court in *Watson v. United States*, ___ U.S. ___, 128 S. Ct. 579, 169 L. Ed. 2d 472 (2007), rendered one of the jury instructions in Huntley's case erroneous. Specifically, the Court held that "a person does not 'use' a firearm under [18 U.S.C.] § 924(c)(1)(A) when he receives it in trade for drugs." *Watson*, 128 S. Ct. at 586. In light of *Watson*, the Eighth Circuit reversed Huntley's "conviction and sentence on Count 3, Possession of a Firearm During the Commission of a Drug Trafficking Crime," and remanded the case for further proceedings. *United States v. Huntley*, 523 F.3d 874 (8th Cir. 2008).

On remand, on August 25, 2008, the plaintiff (the "Government") dismissed Count 3, and Huntley was resentenced on the remaining counts. *See* Doc. No. 146 in Case No. CR06-4112-MWB, Amended Judgment in a Criminal Case.

On August 26, 2008, the grand jury re-indicted Huntley in the present case in a single-count Indictment that charges Huntley as follows:

### Count 1

> On or about January 27, 2006, in the Northern District of Iowa, the defendant, THOMAS HUNTLEY, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States as charged in a 2007 conviction in the United States District Court for the Northern District of Iowa, in Case No. 06-4112-MWB, for distribution of a controlled substance (methamphetamine). The firearm was a Ruger .22 caliber

> semi-automatic pistol, unknown model number, serial number 127867.
>
> This was in violation of Title 18, United States Code, Section 924(c)(1).

Doc. No. 1.

Report and Recommendation at pp. 1-3 (footnotes omitted). Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a

*de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific

6

enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the

7

court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and

8

recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[2]

---

[2] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665,

(continued…)

As noted above, defendant Huntley has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Supplemental Motion to Dismiss.

### B. *Objection To Legal Conclusions*

Defendant Huntley objects to Judge Zoss's conclusion that defendant Huntley's motion is akin to a motion for summary judgment because it is based on speculation as to what the trial evidence will be and, therefore, is not the proper subject for a motion to dismiss. Defendant Huntley asserts that his motion to dismiss is a proper motion under Federal Rule 12(b)(2) because he is asserting a narrow legal question, "whether someone receiving a firearm in exchange for drugs can be fairly and accurately said to possess that firearm in furtherance of that drug transaction."[3] Defendant's Objection at 2. The flaw in defendant Huntley's objection is that the court cannot determine, without a trial, whether

---

[2](…continued)
667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

[3] Federal Rule of Criminal Procedure 12(b)(2) provides that:

> A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

FED. R. CRIM. P. 12(b)(2).

that factual scenario is actually the one before the court.[4] The prosecution counters that it is not and argues that defendant Huntley did more than just trade drugs for a firearm, but rather possessed the firearm in question while he committed unrelated and intervening drug deals. The factual question of whether the evidence will support a finding that the gun was possessed by defendant Huntley in furtherance of a drug trafficking crime will turn on the evidence at trial. As the Fourth Circuit Court of Appeals has observed, federal courts have given wide scope to the theories by which the prosecution may show the required connection between possession of a firearm and a drug trafficking crime:

> When making this factual determination, the fact finder is free to consider the numerous ways in which a firearm might further

---

[4] Moreover, even under the factual scenario put forward by defendant Huntley, the court notes that every federal court to address the question of whether a person who receives a gun in exchange for drugs "possesses" the firearm "in furtherance of" the drug trafficking crime has answered it in the affirmative. *See United States v. Woods*, 271 F3d. App'x. 338, 346 (4th Cir. 2008) (holding that defendant who received firearms in trade for drugs possessed the firearm "in furtherance of his drug business. . ."); *United States v. Luke-Sanchez,* 483 F.3d 703, 706 (10th Cir. 2007) (holding that trading drugs for guns constitutes possession in furtherance of a drug trafficking crime under subsection 924(c)(1)); *United States v. Boyd,* 209 Fed. App'x. 285, 290 (4th Cir. 2006) ("We conclude that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime."); *United States v. Frederick,* 406 F.3d 754 (6th Cir. 2005) ("As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* promote or facilitate that illegal sale."); *United States v. Austin*, No. Cr-08-33-S-BLW, 2008 WL 2445413, at *1 (D. Idaho, June 16, 2008) ("It is difficult to see how the act of possessing a firearm could more clearly 'advance or promote' a drug transaction than when it is received in payment for the drugs."); *cf. United States v. Cox,* 324 F.3d 77, 84 n. 2 (2d Cir. 2003) ("For defendants charged under § 924(c) after [the 1998] amendment, trading drugs for guns will probably result in [a conviction for possession in furtherance of a drug trafficking crime.]").

> or advance drug trafficking. For example, a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during a drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place. Furthermore, a firearm could help a drug trafficker defend his turf by deterring others from operating in the same area.

*United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (adopting examples detailed in *United States v. Ceballos-Torres,* 218 F.3d 409, 415 (5th Cir. 2000)). Because the factual dispute in this case cannot be resolved short of a trial, the court concludes that Judge Zoss was correct in determining that defendant Huntley's motion is not one which the court can determine pretrial. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal. . . . [The court] simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."). Accordingly, defendant Huntley's objection to Judge Zoss's Report and Recommendation is overruled.

### III. CONCLUSION

Therefore, for the reasons discussed above, the court **accepts** Judge Zoss's Report and Recommendation and **denies** defendant Huntley's Supplemental Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED** this 19th day of January, 2009.

                                         _____
                                         MARK W. BENNETT
                                         U. S. DISTRICT COURT JUDGE
                                         NORTHERN DISTRICT OF IOWA